USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

SOLO OBI OMOR,                        :

                 Plaintiff,      :

      -against-                      :

SERA SECURITY SERVICES, LLC,    :

             Defendant.      :

-------------------------------------------------x

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
ANDREW L. CARTER, JR.**

14cv2602-ALC-FM

**FRANK MAAS,** United States Magistrate Judge.

       Pro se plaintiff Solo Obi Omor ("Omor") brings this action against Sera

Security Services, LLC ("Sera"), alleging that Sera refused to hire him because of his age,

sex, religion, race, national origin and disability.  Omor seeks relief under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  ("Title VII"); the Age

Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"); the

Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq. ("ADA"); the New York

State Human Rights Law, N.Y. Exec. Law § 290, et seq. ("NYSHRL"); and the New

York City Human Rights Law, N.Y. City Admin. Code § 8-101, et seq. ("NYCHRL").

       Sera has now moved to dismiss Omor's Second Amended Complaint,

pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Omor (a) failed

to exhaust his administrative remedies, (b) failed to allege facts sufficient to support an

inference that Sera's decision not to hire him was because of his membership in a

protected group, and (c) improperly named an individual defendant.[1]  (See Defendant's

Motion to Dismiss the Second Amended Complaint (ECF No. 25) ("Def.'s Mot.");

Defendant's Memorandum of Law in Support of Motion to Dismiss the Second Amended

Complaint (ECF No. 28) ("Def.'s Mem.")).  Sera further requests that the Court not

exercise supplemental jurisdiction over Omor's state and local law claims in the event

that his federal claims are dismissed.  For the reasons set forth below, Sera's motion

should be granted in all respects.

I.     Background

       A.     Relevant Facts

              The following facts are derived from Omor's Equal Employment

Opportunity Commission ("EEOC") charge and his Second Amended Complaint.  Those

facts are presented in the light most favorable to Omor, and for present purposes are

assumed to be true.

              Omor was born on October 4, 1949, making him sixty-five years old when

he commenced this action.  (Compl. at 1; Ex. A).[2]  He was born in the Edo State of

Southern Nigeria, and became a United States citizen on August 5, 1986, at which time he

shortened his name from Solomon Obi Omorotionmwan to Solo Obi Omor.  (Compl.

---

[1]     This last ground is based upon Omor's earlier pleadings.  Omor's Second
Amended Complaint names only Sera as a defendant.  (See ECF No. 19) (Second Amended
Complaint) ("Compl.").

[2]     "Ex." refers to the exhibits annexed to the Affirmation of Brittany Gold dated
November 17, 2014.  (ECF No. 35).

at 2-3).  Omor is Black and a practicing Christian, and he speaks English with a "funny accent."  (Id. at 4-5).  He holds a number of college degrees and is licensed by New York State to work as a security guard.  (Id. at 1).

On November 27, 2013, Omor attended a recruitment event hosted by Workforce 1 for individuals licensed to work as security guards.  Workforce 1 referred Omor to Sera, where Omor applied for a security guard position.  (Id. at 2; Ex. A).  On December 2, 2013, Shaquan Londen ("Londen"), Sera's Personnel Director, interviewed Omor, who believed that the interview "went very well."  (Ex. A).  Londen indicated to Omor that "she would see when [he] could be placed on the schedule," and that, in the meantime, Omor "should go home and wait for a call."  (Id.).  Omor followed up with Londen several times, and each time she responded in a similar manner.  (Id.).  Ultimately, however, Sera did not select Omor for a position.  (Id.).  Omor contends that Sera's decision not to hire him was discriminatory because Sera hired "most" of the other applicants who had applied at the same time, "all of whom were substantially younger and none of whom were Nigerian."  (Id.; see also Compl. at 2).

B.     Procedural History

On December 19, 2013, Omor dual-filed a charge of discrimination against Sera with the federal EEOC and the New York State Division of Human Rights, in which he alleged discrimination on the basis of his race, age, and national origin.  (Ex. A).  On March 31, 2014, the EEOC issued Omor a "right to sue" letter.  (Ex. B).  On April 2, 2014, Omor filed his original complaint in this District, asserting claims under Title VII,

the ADEA and ADA, and the United States Constitution.  (Ex. C).  On May 28, 2014,

however, Judge Preska entered a <u>sua</u> <u>sponte</u> order dismissing that complaint for failure

"to state a plausible claim of discrimination."  (Ex. D).  As Judge Preska explained, the

complaint "fail[ed] to allege any facts sufficient to support any claim that Defendants'

conduct was based upon his race, gender, religion, or national origin."  (<u>Id.</u> at 3).  Judge

Preska nevertheless granted Omor leave to amend his complaint.  (<u>Id.</u> at 4).

On June 17, 2014, Omor filed an amended complaint alleging violations of

Title VII, and the ADEA, NYSHRL and NYCHRL, adding an allegation that his accent

constituted a disability.  (Ex. E).  Subsequently, on October 7, 2014, during a pre-motion

conference before Your Honor, Omor again was granted leave to amend his complaint.

(<u>See</u> ECF No. 18).  Thereafter, on October 14, 2014, Omor filed his Second Amended

Complaint, largely repeating his prior claims and allegations.[3]

II.     <u>Standard of Review</u>

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal

sufficiency of a plaintiff's claims for relief.  <u>Krasner v. HSH Nordbank AG</u>, 680 F. Supp.

2d 502, 511 (S.D.N.Y. 2010) (Lynch, D.J.).  In deciding the motion, a court must accept

as true all factual allegations made in the complaint and draw all reasonable inferences in

favor of the plaintiff.  <u>Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249-50 (2d Cir. 2006).

---

[3]     On November 12, 2014,  pursuant to Rule 12(f) of the Federal Rules of Civil
Procedure, Your Honor struck portions of the Second Amended Complaint, as well as a letter
that Omor had sent to the Court, because they contained "immaterial, impertinent, or scandalous
matter."  (<u>See</u> Ex. G).

The complaint need not contain "detailed factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Nonetheless, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555-56).

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  Determining whether the allegations of a complaint nudge a plaintiff's claims across the line from merely "conceivable to plausible" requires a court to "draw on its judicial experience and common sense." Id. at 679-80.  In making its assessment, a court may consider, in addition to the plaintiff's factual averments, any written instrument upon which the plaintiff necessarily relies, regardless of whether it is attached to the complaint or incorporated by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  When a plaintiff is proceeding pro se, a court also may rely on any opposition papers in assessing the legal sufficiency of the plaintiff's claims.  See Crum v. Dodrill, 562 F. Supp. 2d 366, 373 n.13 (N.D.N.Y. 2008) (citing Gadson v. Goord, No. 96 Civ. 7544 (SS), 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997)).  Furthermore, a court may take judicial notice of indisputable facts.  See Fed. R. Evid. 201.  Legal conclusions masquerading as factual averments, however, may not be taken into account.  Smith v. Local 819 I.B.T. Pension

5

Plan, 291 F.3d 236, 240 (2d Cir. 2002) (citing Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)).

Because Omor is proceeding pro se, the Court must read his pleadings "liberally" and interpret them "to raise the strongest arguments" that they may suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citing Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)). "Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." Carvel v. Ross, No. 09 Civ. 722 (LAK) (JCF), 2011 WL 856283, at *8 (S.D.N.Y. Feb. 16, 2011).

III.   Discussion

A.   Exhaustion of Administrative Remedies

Title VII and the ADA both require that plaintiffs exhaust their administrative remedies by filing timely charges of discrimination with the EEOC, or a "State or local agency with authority to grant or seek relief from such practice," before they may initiate suits arising out of their charges. 42 U.S.C. §§ 2000e-5(e)(1), (f)(1); see McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 213 (2d Cir. 2006) (Title VII); Curto v. Edmundson, 392 F.3d 502, 503 (2d Cir. 2004) (ADA). A claim not expressly raised in an EEOC charge therefore may be brought in federal court only if it is "reasonably related" to the claim filed with the agency. See Williams v. N.Y.C. Housing Auth., 458 F.3d 67, 70 (2d Cir. 2006); Butts v. City of N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded on other grounds by statute as recognized in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir. 1998).

In Butts, the Second Circuit recognized only three circumstances in which claims not expressly set forth in an EEOC charge may be considered reasonably related: (1) when the claim was "loose[ly] pleaded" in the EEOC charge and "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) when the plaintiff alleges further retaliatory discrimination resulting from the filing of the EEOC charge; and (3) when the "plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Id. at 1402-03. Sera contends that certain of Omor's Title VII and ADA claims therefore must be dismissed because he failed to exhaust his administrative remedies and cannot show that those claims fall within any of the Butts exceptions. (Def.'s Mem. at 5-8).

In his EEOC charge, Omor alleged that he was the victim of discrimination based on his age, race, and national origin. (Gold Affirm. Ex. A). In his Second Amended Complaint, however, in addition to these claims, Omor has added claims of discrimination based on his sex, religion, and alleged disability. (Compl. at 6; see also Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 32) ("Pl.'s Opp. Mem.")).[4]

Omor's EEOC charge lacks any substantive allegations that would have suggested to the EEOC that he was pursuing discrimination claims based on his sex,

---

[4]     Sera claims that his accent is a disability. (See Pl.'s Opp. Mem.)

7

religion, or alleged disability.  Indeed, as the Defendants correctly observe, Omor could

have checked off specific boxes on his EEOC form to allege discrimination based on

these traits, but he did not.  (Def.'s Mem. at 7).  More critically, nowhere in his EEOC

charge did Omor even suggest that he believed that his sex, religion, or disability played

any role in Sera's decision not to hire him.  Rather, in describing why he believed he was

not hired, Omor focused on his age and national origin as determining factors.  (See Ex.

A ("I speak English with an accent. . . . [Sera] hired most of the 20 individuals who

applied with me, all of whom were substantially younger and none of whom were

Nigerian. . . .  I have never been contacted while other younger and no-Nigerian

applicants have been given work.")).  Omor's substantive EEOC claims therefore could

not have put the EEOC on notice that Omor was alleging that Sera also had discriminated

against him on the basis of his sex, religion, and disability.  See Elhanafy v. Shinseki, No.

10-CV-3192 (JG) (JMA), 2012 WL 2122178, at *12 (E.D.N.Y. June 12, 2012) (quoting

Culbertson v. Charosa Found. Corp., No. 03-CV-3742 (SJF) (LB), 2004 WL 2370686, at

*3 (E.D.N.Y. Oct. 18, 2004)) ("As a general matter, 'claims alleging discrimination based

upon a protected classification which are different than the protected classification

asserted in administrative filings are not reasonably related.'").  Accordingly, the EEOC

could not reasonably have been expected to investigate these additional grounds.

Because Omor's Title VII sex and religion claims and his ADA disability claim are

unexhausted and not reasonably related to Omor's age, race, and national origin claims,

the former claims must be dismissed.

8

B.     Federal Discrimination Claims

Omor's federal claims of age, race, and national origin-based discrimination, although properly before this Court, also are subject to dismissal because Omor has failed to plead facts sufficient to make these claims plausible.

1.     Applicable Law

a.     Title VII

Title VII prohibits an employer from refusing to hire an individual "because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Under Title VII, a plaintiff establishes a prima facie case of discrimination by demonstrating:  (a) membership in a protected class; (b) qualification for the position sought; and (c) an adverse employment action; (d) under circumstances giving rise to an inference of discrimination.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Weinstock v. Columbia University, 224 F.3d 33, 41-42 (2d Cir. 2000).

b.     ADEA

The ADEA makes it illegal for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  A plaintiff must be "at least 40 years of age" to receive the protections of the statute.  29 U.S.C. § 631(a); Liburd v. Bronx Lebanon Hospital Center, No. 07 Civ. 11316 (HB), 2008 WL 3861352, at *6 (S.D.N.Y. Aug. 19, 2008).

9

Courts analyze ADEA claims under the same framework as Title VII claims.  Woroski v. Nashua Corp., 31 F.3d 105, 108 (2d Cir. 1994) (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985)).  Thus, to plead a prima facie case of discrimination under the ADEA, a plaintiff must show "([i]) that [he] was within the protected age group, ([ii]) that [he] was qualified for the position, ([iii]) that [he] experienced adverse employment action, and ([iv]) that such action occurred under circumstances giving rise to an inference of discrimination."  Spataro v. Glenwood Supply, 479 F. App'x 403, 404 (2d Cir. 2012) (citing Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010)).  Moreover, "[t]o establish a disparate-treatment claim under the ADEA, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."  Vlad-Berindan v. MTA New York City Transit, No. 14-cv-675 (RJS), 2014 WL 6982929, at *10 (S.D.N.Y. Dec. 10, 2014) (quoting Gross v. FBL Financial Services, Inc., 557 U.S. 167, 175-76 (2009)).  At the pleading stage, "an ADEA plaintiff need not plead but-for causation, [but] his complaint must contain sufficient facts to make plausible the conclusion that but for his age, he would not have suffered the challenged action."  Id. (quoting Williams v. Addie Mae Collins Cmty. Servs., 11 cv 2256, 2012 WL 4471544, at *3).

### c.   Failure to Hire Claims

When a plaintiff claims discrimination in the form of a failure to hire, he "must allege that []he applied for an available position for which []he was qualified and was rejected under circumstances giving rise to an inference of unlawful discrimination."

Wang v. Phoenix Satellite Television U.S., Inc., 976 F. Supp. 2d 527, 537 (S.D.N.Y.

2013) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).  One

such circumstance would be where the plaintiff and other applicants are similarly

situated, yet the plaintiff is not hired; another would be where the prospective employer

makes remarks or takes actions evidencing a discriminatory bias.  See Jackson v. County

of Rockland, 450 F. App'x 15, 19 (2d Cir. 2011).

      2.    Application of Law to Facts

      Omor satisfies the first three elements of both his Title VII and ADEA

claims because he is a member of a protected class, who was qualified to be employed,

but was not hired.  Where his claims under both statutes falter, however, is with respect to

the last essential element, which requires him to plead facts that make it plausible to infer

that he was not hired for discriminatory reasons.  In that regard, Omor's Second Amended

Complaint says nothing about the relative qualifications of the other persons that Sera

hired as security guards.  He therefore has not shown that he and the other guards were

similarly situated since all the hirees could well have had more experience as a security

guard than he did.  Nor has Omar suggested that Londen, the only Sera employee with

whom he evidently spoke, ever said anything negative about him or any protected group

to which he belongs.  Indeed, if anything, Londen's assurances that Omor would in due

course be called to work cuts against any inference that Sera or Londen had a policy of

not hiring applicants who, like Omor, were black, from Nigeria, or above a certain age.

Accordingly, the Court is left with nothing more than Omor's "bald assertions of

11

discrimination, . . . unsupported by any comments, actions, or examples of similarly-situated individuals outside of [Omor's] protected class being treated differently." Jackson, 450 F. App'x at 19.  As the Second Circuit noted in Jackson, this is "insufficient to survive a motion to dismiss."  Id.  The Court therefore is compelled to reach the same conclusion that Judge Preska did with respect to Omor's original complaint – namely, that it fails to state a claim as a matter of law.

    3. Individual Liability

    In his original and first amended complaints, Omor named Londen as a defendant, but he has not done so in his Second Amended Complaint.  (Compare ECF Nos. 2, 5 with Compl.).  Sera nevertheless has assumed that Londen continues to be a defendant.  (See Def.'s Mem. at 11-12).  Since the Second Amended Complaint supersedes Omor's prior pleadings, this assumption is incorrect.  See Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint.").

    The Court previously cautioned Omor that any claims not asserted in a superseding pleading would be deemed abandoned.  (See ECF No. 18) ("Because any amended complaint filed will replace the original complaint, Plaintiff should also re-plead any existing claims if he wishes to pursue them.").  In any event, even if the Court were to construe the Second Amended Complaint as naming Londen as a defendant, Omor could not pursue any federal claims against her since neither Title VII nor the ADEA permits an individual to be held personally liable.  See Patterson v. County of Oneida,

New York, 375 F.3d 206, 221 (2d Cir. 2004) (Title VII); Parker v. Metropolitan

Transportation Authority, 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2000) (ADEA).

Accordingly, any federal discrimination claims that Omor seeks to assert against Londen

must be dismissed.

      C.    Supplemental Jurisdiction

      In its motion papers, Sera also asks that Omor's NYSHRL and NYCHRL

claims be dismissed if his federal claims are dismissed.  (See Def.'s Mem. at 8, 12).

      Federal courts are courts of limited jurisdiction.  Gunn v. Minton, 133 S. Ct.

1059, 1064 (2013).  Nevertheless, a federal court may exercise supplemental jurisdiction

over state law claims when a federal claim vests the court with subject matter jurisdiction

and the state and federal claims "derive from a common nucleus of operative fact."

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  Despite that grant of

jurisdiction, a district court "may decline to exercise supplemental jurisdiction . . . if . . .

the district court has dismissed all claims over which it has original jurisdiction."  28

U.S.C. § 1367(c)(3).  "Although there is no 'mandatory rule to be applied inflexibly in all

cases,' it is clear that 'in the usual case in which all federal-law claims are eliminated

before trial,' the balance of factors will weigh in favor of declining to exercise

supplemental jurisdiction."  TPTCC NY, Inc. v. Radiation Therapy Servs. Inc., 453 F.

App'x 105, 107 (2d Cir. 2011) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343,

350 n.7 (1988)); see also Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir.

2006) ("If the federal law claims are dismissed before trial the state law claims should be dismissed as well.") (internal alterations and quotation marks omitted).

There is no reason to depart from the usual rule in this case. Despite Omor's filing of several successive pleadings, and the resulting involvement of three federal judges, this case has yet to consume significant judicial resources. Moreover, there has been no discovery, and no judge has had to adjudicate any issue other than the facial sufficiency of Omor's claims. In these circumstances, the Court should exercise its discretion by declining to retain jurisdiction over Omor's state law claims.

IV.   Conclusion

For the foregoing reasons, Sera's motion to dismiss Omor's Second Amended Complaint (ECF No. 25) should be granted. Moreover, his federal claims should be dismissed with prejudice.

V.   Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Andrew L. Carter, Jr., at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, N.Y. 1007, and to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an

extension of time for filing objections must be directed to Judge Carter.  The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn., 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated:          New York, New York
                April 15, 2015

                                        _____
                                                FRANK MAAS
                                        United States Magistrate Judge


Copies to:

Solo Obi Omor          (via U.S. Mail)
1261 Merriam Avenue, Apt. #3F
Bronx, New York 10452

Defense counsel        (via ECF)